Filed 2/8/21  P. v. Brewer CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>RUSSELL ZANE BREWER,<br><br>        Defendant and Appellant. | F080820<br><br>(Super. Ct. No. CR-19-011285)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County. Robert B. Westbrook, Judge.

Elisa A. Brandes, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Peña, Acting P.J., Smith, J. and Meehan, J.

Appointed counsel for defendant Russell Zane Brewer asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant responded, contending his plea was coerced and resulted from ineffective assistance of counsel, and that the court's criminal protective order was erroneously entered. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On November 20, 2019, defendant went to an address in violation of a civil family law order, issued on September 24, 2019, protecting Jennifer G., defendant's former girlfriend and the mother of his children.[1]

On November 22, 2019, at approximately 3:24 a.m., Oakdale police officers attempted to stop a vehicle driven by defendant, who failed to yield. Defendant drove away at speeds between 60 and 95 miles per hour, ran one stop sign and two red lights, swerved into oncoming traffic, and crossed a double yellow line, before turning onto a dirt road and driving into an orchard. The officers temporarily discontinued pursuit due to low visibility, then followed tire tracks to the vehicle, which they found abandoned. A K-9 unit located defendant nearby and he was apprehended.

Defendant did not have permission from the vehicle's owners to drive the vehicle. The vehicle, a 1998 Honda CRV, was valued at $4,000. When he drove the vehicle, defendant intended to permanently deprive the owner of ownership of the vehicle.

On November 25, 2019, the Stanislaus County District Attorney filed a complaint charging defendant with fleeing a pursuing peace office (Veh. Code, § 2800.2, subd. (a); count I), unauthorized use of a vehicle (Veh. Code, § 10851, subd. (a); count II),

---

[1] The factual background is taken from the prosecutor's recitation of the factual basis for defendant's plea, which was accepted by the defense for purposes of the plea.

receiving a stolen vehicle (Pen. Code, § 496d, subd. (a);[2] count III), possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count IV), resisting arrest (§ 148, subd. (a)(1); count V), trespassing (§ 602.5, subd. (b); count VI), violation of a court order (§ 273.6, subd. (a); count VII); and vandalism of property with a value less than $400 (§ 594, subd. (b)(2)(A); count VIII). As to counts II and III, the People alleged the vehicle had a value exceeding $950, and defendant had a prior conviction for auto theft (§ 666.5; Veh. Code, § 10851). It was further alleged that defendant had suffered a serious conviction within the meaning of section 1192.7, subdivision (c).

On January 24, 2020, defendant pled no contest to counts I, II, and VII.[3] He admitted the value of the vehicle exceeded $950, and that he previously suffered a conviction within the meaning of section 666.5. The remaining counts and allegations were dismissed.

The court sentenced defendant to a stipulated term of four years eight months in prison, as follows: a four-year term on count II, a consecutive term of eight months on count I, and a concurrent term of 30 days on count VII. Appellant was awarded 64 days of actual time credit and 64 days of conduct credit. The court determined defendant did not have the ability to pay fines and fees, and accordingly imposed and stayed a $300 restitution fine (§ 1202.4, subd. (b)) and a $300 parole revocation fine (§ 1202.45), but waived the remaining fees. The court also entered a criminal protective order (§ 136.2,

---

[2]     Undesignated statutory references are to the Penal Code.

[3]     During the plea colloquy, defendant asserted that police body camera videos had not been released to the defense, but acknowledged he was waiving his right to contest that issue by pleading no contest. He also raised the possibility that the vehicle at issue might have a value below $950, but he ultimately admitted the value of the vehicle exceeded that amount. Defendant also pointed out that he previously filed a petition for writ of habeas corpus, but asked the court to "waive it." Defendant filed a petition for writ of habeas corpus on February 19, 2020. The record on appeal does not contain a ruling on the petition and, in any event, the petition is not before us in this direct appeal.

subd. (i)(1)), prohibiting defendant from having contact with Jennifer, except as ordered for the exchange of children and court-ordered visitation.

On February 21, 2020, defendant timely filed a notice of appeal. A certificate of probable cause was granted on the same day.

## DISCUSSION

Although defendant admitted during the plea colloquy that the value of the vehicle involved in count II exceeded $950, he now opines that the value may have been less. To the extent defendant argues his plea lacks evidentiary support, he waived this challenge by admitting the special allegation. (*People v. Voit* (2011) 200 Cal.App.4th 1353, 1364 ["By admitting guilt a defendant waives an appellate challenge to the sufficiency of the evidence of guilt."].)

To the extent defendant argues counsel was ineffective for failing to more thoroughly and accurately ascertain the value of the vehicle involved in count II, the record does not demonstrate that counsel failed to act in a reasonably competent manner or that counsel's acts or omissions prejudiced defendant. (*Strickland v. Washington* (1984) 466 U.S. 668; see *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 267 [appellate court should not find ineffective assistance of counsel unless facts relevant to that claim have been developed in the record].) Nor does the record contain evidence to call into question the validity of defendant's knowing and voluntary waiver of rights in his plea, or the legality of the proceedings resulting in his plea. (*People v. Lovings* (2004) 118 Cal.App.4th 1305, 1310–1311.) In this regard, we note that defendant stated during the plea colloquy that he discussed with counsel the possibility that the vehicle may have had a value below $950. Defendant nonetheless proceeded to enter a plea of no contest to count II and to admit the associated special allegation concerning the value of the vehicle.

Defendant also complains that the prosecutor threatened to add additional charges if he did not accept the plea. Because defendant did not move to withdraw his plea in the trial court, the record on this point is undeveloped and the claim is unsupported.

Regardless, such statements by a prosecutor are generally permissible as part of the "give-and-take" of plea negotiations. (*Bordenkircher v. Hayes* (1978) 434 U.S. 357, 363; *People v. Grimes* (2016) 1 Cal.5th 698, 736.)

Defendant also complains that his counsel failed to obtain police body camera footage, which defendant requires in order to pursue a civil claim for excessive force. As this claim does not relate to the trial court's judgment, we do not address it.

Lastly, defendant contends the court made no factual findings to support the criminal protective order. Defendant points out that he informed the trial court at sentencing that Jennifer had visited him in jail the previous day. However, defendant did not object to the protective order on this basis in the trial court, where he inquired only whether the protective order would permit visitation with his children. Furthermore, the protective order was statutorily authorized based on the court's implied finding that one of defendant's offenses involved domestic violence (§ 136.2, subd. (i)(1)), which finding defendant does not challenge. We find no error.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.